FILED

May 10 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0524

DA 14-0524

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 110N

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

　　v.

SHANE SHERMAN,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 2013-61
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Chad M. Wright, Chief Appellate Defender, James Reavis, Assistant
Appellate Defender, Helena, Montana

　　　　For Appellee:

　　　　　　Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

　　　　　　Bruce E. Becker, Park County Attorney, Kathleen Carrick, Deputy County
Attorney, Livingston, Montana

Submitted on Briefs:　March 23, 2016

Decided:　May 10, 2016

Filed:

_____
　　　　　　　　　Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Shane Sherman appeals the November 13, 2013 decision and order of the Sixth Judicial District Court, Park County, denying his motion to dismiss his misdemeanor Driving Under the Influence of Alcohol (DUI) conviction and declining to grant him a trial de novo.

¶3    Sherman was tried in Park County Justice Court—a court of record—before a jury and was found guilty.  A non-lawyer justice of the peace presided over the trial.  Sherman appealed to the District Court demanding a trial de novo.  Sherman moved to dismiss the case, arguing that the prosecution of a jailable offense before a non-lawyer judge without the option of a trial de novo appeal violated the Due Process and Right to Counsel Clauses of the United States and Montana Constitutions.  Sherman also moved to dismiss the case with prejudice on the ground that the Justice Court failed to record the entire trial.

¶4    The District Court declined to rule on Sherman's due process and right to counsel claims.  The court did, however, reverse the judgment of the Justice Court and remanded the case for a new trial on the ground that Sherman's rights were violated by the Justice Court's failure to record large portions of the trial.  On remand, Sherman entered a plea

2

of no contest, reserving the right to appeal. The Justice Court reinstated the original sentence and Sherman appealed again. The District Court affirmed the Justice Court's judgment and sentence and stayed execution of sentence pending appeal to this Court.

¶5 This appeal concerns substantially similar facts and issues as *State v. Davis*, 2016 MT 102, ___ Mont. ___, ___ P.3d ___. As in that case, we conclude here that Sherman's trial before a non-lawyer justice of the peace, even though trial de novo was not available on appeal, did not violate his constitutional right to due process or to effective assistance of counsel.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, *Davis* resolves the issues on appeal. The District Court's decision and order are affirmed.

/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE